**United States District Court**
For the Northern District of California

|  |  |
|---|---|
| MATSUNOKI GROUP, INC., dba HAIKU HOUSES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIMBERWORK OREGON, INC.; TIMBERWORK, INC.; JOAN L. SHUELL; EARL MAURY BLONDHEIM; DON PAUL; ILENE ENGLISH-PAUL and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | No. C 08-04078 CW<br><br>ORDER DEFERRING RULING ON DEFENDANTS SHUELL AND BLONDHEIM'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM AND DENYING ITS MOTION FOR MORE DEFINITE STATEMENT |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Defendants Joan L. Shuell and Earl Maury Blondheim filed a motion to dismiss for lack of personal jurisdiction and improper venue. Plaintiff Matsunoki Group, Inc., doing business as Haiku Houses, opposes Shuell and Blondheim's motion. Plaintiff filed a motion for a more definite statement and a motion to dismiss Defendant Timberwork, Inc.'s[1] counterclaim, for lack of subject matter jurisdiction. Defendant Timberwork opposes the motions. Having considered all of the papers filed by the parties, the Court

---

[1] Timberwork, Inc. was formerly known as Timberwork Oregon, Inc. (Counterclaim at 1.)

defers ruling on Defendants Blondheim and Shuell's motion to dismiss for lack of personal jurisdiction and improper venue, grants Plaintiff's motion to dismiss the counterclaim for lack of subject matter jurisdiction and denies as moot Plaintiff's motion for a more definite statement.

## BACKGROUND

Plaintiff produces and sells houses and house designs featuring architecture influenced by sixteenth century Japan. (Complaint ¶ 15.)  Plaintiff is a Tennessee corporation with its principal place of business in that state.  (Id. ¶ 5.)

On August 25, 2008, Plaintiff filed a complaint alleging that Defendants engaged in acts of copyright, trademark and trade dress infringement; false designation of origin; and unfair competition. (Id. ¶ 28-60.)  An example of such an act was the construction of a house in Jenner, California which was built based in whole or in substantial part on Plaintiff's copyrighted plans and drawings. (Id. ¶ 22.)  Defendant Timberwork, Inc. is an Oregon corporation with its principal place of business in that state.  (Id. ¶ 6-7.) Defendants Blondheim and Shuell are individuals residing in Oregon. (Id. ¶ 8-9.)  Defendants Paul and English-Paul are individuals residing in California.  (Id. ¶ 10-11.)

On October 10, 2008, Timberwork filed a counterclaim against Plaintiff for breach of contract, declaratory relief, common count money had and received and common count money lent.  (Counterclaim ¶ 12-25.)  Timberwork alleged that in 1997 Gordon Steen, an

individual, and Haiku Houses, Limited[2] executed a promissory note for $71,026.98, a security agreement and two UCC-1 financing statements in favor of Timberwork.  (Id. ¶ 5.)  The collateral was Haiku Houses, Limited's equipment.  (Id.)  Gordon Steen and Haiku Houses, Limited failed to make the payments they owed to Timberwork and, on April 3, 1998, Timberwork entered into an agreement to sell its right to foreclose on Haiku Houses, Limited's collateral to Alvin Byrd, Inc. in exchange for $100,000.  (Id. ¶ 6-7.)  Alvin Byrd paid Timberwork the first installment of $25,000, but failed to pay the remaining $75,000.  (Id. ¶ 9.)  The obligations of Alvin Byrd under its agreement were thereafter assumed by its alleged successor entity, Plaintiff.  (Id. ¶ 9.)  In January, 2005, Plaintiff allegedly agreed in writing to pay in March, 2005 the remaining principal amount due under the 1998 agreement if Timberwork would refrain from initiating collection proceedings.  (Id. ¶ 10.)

DISCUSSION

I.   Motion to Dismiss: Lack of Personal Jurisdiction and Improper Venue

    A.   Personal Jurisdiction

Defendants Blondheim and Shuell filed a motion to dismiss due to lack of personal jurisdiction and improper venue, alleging that they are Oregon residents with no contacts in California as individuals.

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction.

---

[2] At present, it is not clear whether Haiku Houses, Limited is the same entity as Plaintiff Matsunoki Group, Inc., which does business as Haiku Houses.

3

1 The plaintiff then bears the burden of demonstrating that
2 jurisdiction exists. Schwarzenegger v. Fred Martin Motor Co., 374
3 F.3d 797, 800 (9th Cir. 2004). The plaintiff "need only
4 demonstrate facts that if true would support jurisdiction over the
5 defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).
6 Uncontroverted allegations in the complaint must be taken as true.
7 AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.
8 1996). However, the court may not assume the truth of such
9 allegations if they are contradicted by affidavit. Data Disc, Inc.
10 v. Systems Technology Associates, Inc., 557 F.2d 1280, 1284 (9th
11 Cir. 1977). If material facts are controverted or if the evidence
12 is inadequate, a court may permit discovery to aid in determining
13 whether personal jurisdiction exists. Id. at 1285 n.1.

14   There are two independent limitations on a court's power to
15 exercise personal jurisdiction over a non-resident defendant: the
16 applicable state personal jurisdiction rule and constitutional
17 principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361
18 (9th Cir. 1990). California's jurisdictional statute is co-
19 extensive with federal due process requirements; therefore,
20 jurisdictional inquiries under state law and federal due process
21 standards merge into one analysis. Rano v. Sipa Press, Inc., 987
22 F.2d 580, 587 (9th Cir. 1993).

23   The exercise of jurisdiction over a non-resident defendant
24 violates the protections created by the due process clause unless
25 the defendant has "minimum contacts" with the forum state so that
26 the exercise of jurisdiction "does not offend traditional notions
27 of fair play and substantial justice." International Shoe Co. v.
28 Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be

4

either general or specific.

General jurisdiction exists when the defendant's contacts with the forum state are substantial or continuous and systematic, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The standard for establishing general jurisdiction is "fairly high." Id. The defendant's contacts must approximate physical presence in the forum state. Schwarzenegger, 374 F.3d at 801. Factors considered in evaluating the extent of contacts include whether the defendant makes sales, solicits or engages in business, designates an agent for service of process, holds a license, or is incorporated in the forum state. Bancroft & Masters, Inc., 223 F.3d at 1086.

Specific jurisdiction exists when the cause of action arises out of or relates to the defendant's activities within the forum. Data Disc, Inc, 557 F.2d at 1286. Specific jurisdiction is analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities towards, or consummate some transaction with, the forum or a resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Each of these conditions is required for asserting jurisdiction. Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

A showing that a defendant "purposefully directed" its conduct toward a forum state generally is used in torts cases. Schwarzenegger, 374 F.3d at 802. This showing "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." Id. at 803. Purposeful direction may be established under the "effects test" where the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

A showing that a defendant "purposefully availed" itself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum and is generally used in contract cases. Schwarzenegger, 374 F.3d at 802. The requirement of purposeful availment ensures that the defendant should reasonably anticipate being haled into the forum state court based on its contacts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The purposeful availment test is met where "the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." Ballard, 65 F.3d at 1498.

The second factor requires that the claim arise out of or result from the defendant's forum-related activities. A claim arises out of a defendant's conduct if the claim would not have arisen "but for" the defendant's forum-related contacts. Panavision Int'l v. L.P.v. Toeppa, 141 F.3d 1316, 1322 (9th Cir. 1998).

6

Once the plaintiff has satisfied the first two factors, the defendant bears the burden of overcoming a presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985); Haisten v. Grass Valley Medical Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986). Seven factors are considered in assessing whether the exercise of jurisdiction over a non-resident defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs, (2) the burden on the defendant of defending in the forum, (3) conflicts of law between the forum state and the defendant's home jurisdiction, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Caruth v. International Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995).

A person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit the forum to assert jurisdiction over the person. Davis v. Metro Productions, Inc., 885 F.2d 515, 520 (9th Cir. 1989). An employee's contacts with a forum are not to be judged according to the employer's activities there; rather, each defendant's contacts with the forum state must be assessed individually. Calder v. Jones, 465 U.S. 783, 790 (1984); Davis, 885 F.2d at 521.

A defendant employee's contacts must give rise to some identifiable theory of liability pursuant to which the defendant's contacts on behalf of the corporate employer may justifiably be

7

1  imputed to the defendant.  <u>Click v. Dorman Long Technology, Ltd.</u>,
2  No. C 06-1936 PJH, 2006 WL 2644889 at *4 (N.D. Cal. Sept. 14,
3  2006).  Such liability can be demonstrated when a plaintiff shows
4  that a corporate employee intentionally targets tortious activities
5  towards a California resident or expressly aims his conduct at a
6  California resident.  <u>Id.</u> at *5.
7     (1)  Defendant Shuell
8     Plaintiff alleges that Defendant Shuell is subject to
9  jurisdiction because she is listed as the administrative contact
10 for Timberwork's website, which sells homes in California that
11 infringe on Plaintiff's copyright and trademark rights.  Plaintiff
12 also alleges that Shuell's actions are intertwined with Defendant
13 Blondheim's actions because she is affiliated with Blondheim and
14 Timberwork.  (Declaration of Charla Honea, filed November 1, 2008 ¶
15 4.)  These alleged individual contacts do not give rise to a theory
16 of liability that can be imputed to Shuell as distinct from her
17 employer Timberwork.  Shuell's mere association with a corporation
18 that allegedly caused injury in California does not make her
19 subject to personal jurisdiction in California.  Nor does Shuell's
20 administration of the website and association with Blondheim make
21 her subject to general or specific jurisdiction in California.  It
22 is not alleged that she met with residents of California to conduct
23 business or that she sold products in California.  The Court is
24 inclined to grant the motion to dismiss all claims against
25 Defendant Sheull for lack of personal jurisdiction, but gives the
26 parties sixty days for additional discovery on this issue.
27    (2)  Defendant Blondheim
28    Plaintiff alleges that Defendant Blondheim is subject to

jurisdiction because he personally sold materials to companies and individuals in California, built several homes in California including a house in dispute in this action and used California vendors. (Declaration of Charla Honea, filed November 1, 2008 ¶ 2.) Plaintiff alleges that Blondheim is also affiliated with an entity called Nara Country Homes, which is located in California. (Id. ¶ 3.) Plaintiff submits a copy of a contract signed in California between Timberwork Oregon, Inc. and Alvin Byrd, Inc. (Exhibit D of Declaration of Charla Honea at 1.) Blondheim signed the contract for Timberwork as president of the company. (Id.) While Blondheim's individual contacts with California are not substantial nor continuous and systematic enough for general jurisdiction, he may be subject to specific jurisdiction.

In Davis, the Ninth Circuit determined that specific jurisdiction was appropriately exercised over officers and directors of a corporation where it was demonstrated that the individuals purposefully directed allegedly fraudulent activities toward the forum state. Davis, 885 F.2d at 522. The court asserted jurisdiction over two corporate directors who were the sole shareholders of a corporation in a RICO action alleging fraud and securities violations because these individual directors purposefully availed themselves of doing business in the forum state by soliciting work in that state and meeting with a citizen of that state to discuss the opportunity for his clients, also citizens of the forum, to invest in the fraudulent venture. Id. at 522-23. Like the defendants in Davis, Blondheim is allegedly a corporate director of Timberwork and he purposefully availed himself of doing business in California by allegedly soliciting

9

sales in California and meeting with citizens of California to form contracts for the purchase of his product. In addition, he allegedly delivered products into California, including the Jenner house at issue in this suit, and arranged dealings with California vendors. Thus, Blondheim purposefully availed himself of the privilege of doing business in California.

However, unlike the defendants in Davis, Blondheim is accused of copyright and trademark infringement, not fraud. Citing Orthokinetics, Inc. v. Safety Travel Chairs. Inc., 806 F.2d 1565, 1578-79 (6th Cir. 1986), Playboy Enter., Inc. v. Starware Pub. Corp., 900 F.Supp. 438, 440-41 (S.D. Fla. 19995) and S. Bell Tel. & Tel. Co. v. Assoc. Tel. Directory Publishers, 756 F.2d 801, 811 (11th Cir. 1985), Plaintiff argues that a corporate officer or employee is personally liable for tortious infringing conduct in which he or she participates. These cases, however, address the personal liability of corporate officers and employees when engaging in copyright infringement. They do not address the issue of personal jurisdiction. Further, Plaintiff does not clearly allege that Blondheim knew that he was engaging in copyright and trademark infringement.

Defendant Blondheim argues that jurisdiction over him is unreasonable due to five of the seven reasonableness factors: (1) he did not purposefully interject himself into California's affairs; (2) a defense in California would be unduly burdensome because this Court is over 600 miles away from his home; (3) an alternate forum in Oregon exists; (4) California lacks interest in adjudicating the dispute because Plaintiff is a Tennessee corporation and Blondheim is an Oregon resident; and (5) California

10

is not important to Plaintiff's interest in convenient and effective relief. The first factor has been discussed above. A defense in California is not unduly burdensome because Blondheim has already traveled to California on business and will likely have to travel to California in the future as the president of Defendant Timberwork. California has an interest in adjudicating the dispute because many of the alleged violations took place in California and Plaintiff has an interest in convenient and effective relief in California because some of its causes of action arise under California law. Further, it is likely judicially efficient to adjudicate the dispute in California because it does not appear that Defendants Don Paul and Ilene English-Paul are subject to personal jurisdiction in Oregon. While an alternate forum in Oregon exists for Blondheim, Shuell and Plaintiff, California district court is a reasonable forum.

The Court defers ruling on this motion and gives the parties sixty days for additional discovery on this issue. The parties' briefs should include authority as to whether a corporate employee is subject to personal jurisdiction for his or her acts, and particularly acts of infringement, done on behalf of the corporation.

B.   Venue

Defendants Blondheim and Shuell argue that venue in the Northern District of California is improper because no substantial part of the events giving rise to the claim took place in this district and the Court does not have personal jurisdiction over them.

Title 28 U.S.C. § 1391(b)(2) provides in relevant part, "A

11

civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Title 28 U.S.C. § 1400(a) provides, "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyright or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." The "may be found" clause has been interpreted to mean that a defendant is found wherever personal jurisdiction over him is proper. <u>Varsic v. U.S. Dist. Court for Central Dist. of California</u>, 607 F.2d 245, 248 (9th Cir. 1979).

Blondheim and Shuell argue that no substantial part of the events that are the subject of this action is in California because Timberwork, Blondheim and Shuell are based in Oregon and Plaintiff is in Tennessee. However, a substantial number of the events relating to Plaintiff's injury allegedly took place in the Northern District of California, including the building of the disputed house in Jenner. Venue is proper under 28 U.S.C. § 1391(b)(2). Whether venue is also proper under 28 U.S.C. § 1400(a) depends on whether the Court has specific jurisdiction over Blondheim or Shuell or both.

C.  Evidentiary Objections

Defendants Blondheim and Shuell object to the declaration of Charla Honea and her attached exhibits, which were submitted in support of Plaintiff's opposition to the motion to dismiss. To the

12

extent the Court relied upon evidence to which Defendants Blondheim and Shuell object, the objections are overruled.  To the extent the Court did not rely on such evidence, the objections are overruled as moot.

II.  Motion to Dismiss the Counterclaim: Amount in Controversy

Plaintiff argues that Defendant Timberwork's counterclaim should be dismissed for lack of subject matter jurisdiction because the matter in controversy does not exceed $75,000.

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).  The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute or contract.  Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  If a plaintiff's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [plaintiff] must support them by competent proof."  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).  An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by

13

1  amendment.  <u>May Dep't Store v. Graphic Process Co.</u>, 637 F.2d 1211,
2  1216 (9th Cir. 1980).

3      Plaintiff argues that Timberwork's counterclaim for breach of
4  contract for exactly $75,000 does not exceed the $75,000
5  requirement of 28 U.S.C. § 1332(a).  Timberwork counters that the
6  contract allegedly breached included a provision for attorneys'
7  fees, which is part of the amount in controversy and would thus
8  exceed the minimum $75,000 threshold.  Timberwork submits a 1998
9  contract between itself and Alvin Byrd, Inc. that includes a
10 provision for attorneys' fees for the prevailing party.  (Exhibit
11 A, Declaration of Earl Maury Blondheim in Support of Opposition to
12 Motion to Dismiss Counterclaim for Lack of Subject Matter
13 Jurisdiction at 3.)

14     Timberwork claims that the 1998 contract is still in effect
15 because the parties agreed to modify the contract in 2005.
16 However, Timberwork did not attach the 2005 modification to the
17 complaint or submit it with its opposition.  Any claim relying on
18 the 1998 contract is time-barred under the applicable four-year
19 statute of limitations because the contract required the last
20 payment to have been made in 1998, calling for performance more
21 than four years ago.  (<u>Id.</u> at 1.)  The 1998 contract is not
22 competent proof that Timberwork's breach of contract allegation is
23 not barred by the statute of limitation.  Timberwork must support
24 its allegation by attaching the 2005 modification or providing some
25 other "competent proof."  <u>See</u> <u>McNutt</u>, 298 U.S. at 189.  Plaintiff's
26 motion to dismiss Timberwork's counterclaim is granted.  Timberwork
27 may amend its counterclaim to assert diversity jurisdiction by
28 showing the timeliness of its allegation through competent proof

14

or, as it proposes in its opposition, to assert federal question jurisdiction.  If Timberwork asserts federal question jurisdiction, it should be aware, as Plaintiff points out, that no federal question jurisdiction exists when the sole issue in a case involves determination of copyright and trademark ownership.  Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc., 336 F.3d 982, 986-88 (9th Cir. 2003) (adopting the majority rule from T.B. Harms v. Eliscu, 339 F.2d 823 (2nd Cir. 1964)); Postal Instant Press v. Clark, 741 F.2d 256, 257 (9th Cir. 1984).

Plaintiff's motion for a more definite statement of the counterclaim is denied as moot because the Court has granted Plaintiff's motion to dismiss the counterclaim for lack of subject matter jurisdiction.  However, in any amended counterclaim, Timberwork should clarify why Plaintiff is a proper counterdefendant.  The 1998 contract attached as an exhibit is between Timberwork and Alvin Byrd, Inc.  The amended counterclaim should contain a more definite statement as to how Plaintiff is the successor corporation of Alvin Byrd, Inc.

## CONCLUSION

For the foregoing reasons, the Court DEFERS the ruling on Defendants Blondheim and Shuell's motion to dismiss for lack of personal jurisdiction and improper venue, GRANTS Plaintiff's motion to dismiss the counterclaim for lack of subject matter jurisdiction and DENIES as moot Plaintiff's motion for a more definite statement of the counterclaim.  Within sixty days of the date of this order, Plaintiff may submit a five-page supplemental brief in support of its opposition to Defendants Blondheim and Shuell's motion to dismiss for lack of personal jurisdiction and Defendants Blondheim

and Shuell will have two weeks to respond in a five-page reply to this brief.  The motion will be decided on the papers.  Within thirty days of the date of this order, Defendant Timberwork may submit an amended counterclaim.  Plaintiff must file its response within sixty days of the date of this order.

    IT IS SO ORDERED.

Dated: 12/12/08

CLAUDIA WILKEN
United States District Judge