IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUNOKI GROUP, INC., dba HAIKU HOUSES, <br><br>        Plaintiff, <br><br>    v. <br><br> TIMBERWORK OREGON, INC.; TIMBERWORK, INC.; JOAN L. SHUELL; EARL MAURY BLONDHEIM; DON PAUL; ILENE ENGLISH-PAUL and DOES 1 through 10, inclusive, <br> _____/ | No. C 08-04078 CW <br><br> ORDER GRANTING DEFENDANT SHUELL'S MOTION TO DISMISS, DENYING DEFENDANT BLONDHEIM'S MOTION TO DISMISS, AND DENYING DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S SURREPLY |

Defendants Joan L. Shuell and Earl Maury Blondheim filed a motion to dismiss for lack of personal jurisdiction. On December 12, 2008 the Court issued an Order deferring its ruling on the motion to dismiss to allow the parties additional time to conduct jurisdictional discovery. Plaintiff Matsunoki Group, Inc., doing business as Haiku Houses, filed a supplemental brief in opposition to Defendants' motion. Defendants filed a supplemental brief in support of their motion to dismiss.[1] Having considered all of the papers filed by the parties, the Court DENIES Defendant Blondheim's motion to dismiss and GRANTS Defendant Shuell's motion to dismiss for lack of personal jurisdiction.

---

[1] On March 18, 2009 the Court granted Plaintiff leave to file a surreply in support of its opposition to Defendants' motion to dismiss. Defendants move for leave to file a response to Plaintiff's surreply, which the Court denies as unnecessary.

BACKGROUND

Plaintiff produces and sells houses and house designs featuring architecture influenced by sixteenth century Japan. (Complaint ¶ 15.)  Plaintiff is a Tennessee corporation with its principal place of business in that state.  (Id. ¶ 5.)

On August 25, 2008, Plaintiff filed a complaint alleging that Defendants engaged in acts of copyright, trademark and trade dress infringement; false designation of origin; and unfair competition. (Id. ¶ 28-60.)  An example of such an act was the construction of a house in Jenner, California based in whole or in substantial part on Plaintiff's copyrighted plans and drawings.  (Id. ¶ 22.) Defendants Blondheim and Shuell reside in Oregon.  (Id. ¶ 8-9.) Defendant Timberwork, Inc. is an Oregon corporation with its principal place of business in that state.  (Id. ¶ 6-7.) Defendants Don Paul and Ilene English-Paul are individuals residing in California.  (Id. ¶ 10-11.)

LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that jurisdiction exists.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant."  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).  However, the court may not assume the truth of such

allegations if they are contradicted by affidavit.  <u>Data Disc, Inc. v. Systems Technology Associates, Inc.</u>, 557 F.2d 1280, 1284 (9th Cir. 1977).

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process.  <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990).  California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis.  <u>Rano v. Sipa Press, Inc.</u>, 987 F.2d 580, 587 (9th Cir. 1993).

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

Specific jurisdiction[2] exists when the cause of action arises out of or relates to the defendant's activities within the forum.  <u>Data Disc, Inc</u>, 557 F.2d at 1286.  Specific jurisdiction is analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities towards, or consummate some transaction with, the forum or a resident thereof, or perform some

---

[2] As stated in this Court's December 12, 2008, Order, the Court does not have general jurisdiction over Defendant Blondheim or Shuell.

3

act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. <u>Lake v. Lake</u>, 817 F.2d 1416, 1421 (9th Cir. 1987). Each of these conditions is required for asserting jurisdiction. <u>Insurance Co. of N. Am. v. Marina Salina Cruz</u>, 649 F.2d 1266, 1270 (9th Cir. 1981).

A showing that a defendant "purposefully directed" its conduct toward a forum state generally is used in torts cases. <u>Schwarzenegger</u>, 374 F.3d at 802. This showing "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." <u>Id.</u> at 803. Purposeful direction may be established under the "effects test" where the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1111 (9th Cir. 2002).

A showing that a defendant "purposefully availed" itself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum and is generally used in contract cases. <u>Schwarzenegger</u>, 374 F.3d at 802. The requirement of purposeful availment ensures that the defendant should reasonably anticipate being haled into the forum state court based on its contacts. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444

1  U.S. 286, 297 (1980).  The purposeful availment test is met where
2  "the defendant has taken deliberate action within the forum state
3  or if he has created continuing obligations to forum residents."
4  Ballard, 65 F.3d at 1498.

5    The second factor requires that the claim arise out of or
6  result from the defendant's forum-related activities.  A claim
7  arises out of a defendant's conduct if the claim would not have
8  arisen "but for" the defendant's forum-related contacts.
9  Panavision Int'l v. L.P.v. Toeppa, 141 F.3d 1316, 1322 (9th Cir.
10 1998).

11   Once the plaintiff has satisfied the first two factors, the
12 defendant bears the burden of overcoming a presumption that
13 jurisdiction is reasonable by presenting a compelling case that
14 specific jurisdiction would be unreasonable.  Burger King Corp. v.
15 Rudzewicz, 471 U.S. 462, 477 (1985); Haisten v. Grass Valley
16 Medical Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986).  Seven
17 factors are considered in assessing whether the exercise of
18 jurisdiction over a non-resident defendant is reasonable: (1) the
19 extent of the defendant's purposeful interjection into the forum
20 state's affairs, (2) the burden on the defendant of defending in
21 the forum, (3) conflicts of law between the forum state and the
22 defendant's home jurisdiction, (4) the forum state's interest in
23 adjudicating the dispute, (5) the most efficient judicial
24 resolution of the dispute, (6) the plaintiff's interest in
25 convenient and effective relief, and (7) the existence of an
26 alternative forum.  Caruth v. International Psychoanalytical Ass'n,
27 59 F.3d 126, 128 (9th Cir. 1995).

28

DISCUSSION

An employee's contacts with a forum are not to be judged according to the employer's activities there; rather, each defendant's contacts with the forum state must be assessed individually. Calder v. Jones, 465 U.S. 783, 790 (1984); Davis v. Metro Productions, Inc., 885 F.2d 515, 521 (9th Cir. 1989).

In its supplemental brief, Plaintiff argues that, because Timberwork consented to personal jurisdiction in California, Timberwork employees, Defendants Blondheim and Shuell, are also subject to personal jurisdiction if they are a "moving, active, conscious force" behind Timberwork's infringing activity committed in California. Alternatively, Plaintiff argues that this Court may exercise personal jurisdiction over Defendants Shuell and Blondheim under an agent or alter ego theory.

Defendants rely on the fiduciary shield doctrine. Without citing any authority, they argue that Plaintiff must show that they acted outside of and independently from their roles as Timberwork employees to overcome the fiduciary shield doctrine.

Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit the forum to assert jurisdiction over the person. Davis, 885 F.2d at 520. "Because the corporate form serves as a shield for the individuals involved for purposes of liability as well as jurisdiction, many courts search for reasons to 'pierce the corporate veil' in jurisdictional contexts parallel to those used in liability contexts." Id. The employee's contacts must give rise to some identifiable theory of

6

1  liability pursuant to which his or her contacts on behalf of the
2  corporate employer may justifiably be imputed to the employee.
3  Click v. Dorman Long Technology, Ltd., 2006 WL 2644889, *4 (N.D.
4  Cal.).  This requirement is fulfilled where a plaintiff shows that
5  a corporate employee is the moving, active, conscious force behind
6  the infringing activity, Babbit Electronics, Inc. v. Dynascan
7  Corp., 828 F. Supp. 944, 960 (S.D. Fla. 1993), aff'd, 38 F.3d 1161,
8  1184 (11th Cir. 1994); Silverlit Toys Manufactory, Ltd. v. Absolute
9  Toy Marketing, Inc., 2007 WL 521239, *8 (N.D. Cal.) (applying
10 Babbit Electronics), or where the corporation is the alter ego of
11 the individual defendant, Flynt Distributing Co., Inc. v. Harvey,
12 734 F.2d 1389, 1393 (9th Cir. 1984).
13     A plaintiff may show that a corporate employee is the moving,
14 active, conscious force behind the infringing activity by
15 demonstrating that the corporate officer directs, controls,
16 ratifies, or participates in the infringing activity, Babbit
17 Electronics, 38 F.3d at 1184, or acts as the "guiding spirit and
18 the active directing hand in full charge of [the corporation's]
19 operations," International Mfg. Co. v. Landon, Inc., 336 F.2d 723,
20 728 (9th Cir. 1964).  Personal liability for such infringement is
21 appropriate without regard to piercing of the corporate veil.
22 Babbit Electronics, 38 F.3d at 1184.
23     In Silverlit, a case involving the sale of allegedly
24 infringing products in California, the court denied a motion to
25 dismiss the claims against the president and owner of the
26 corporation, and a manager, for lack of personal jurisdiction.
27 2007 WL 2644889 at *8.  Having conceded that the corporation was
28                                  7

1  subject to specific jurisdiction in California, the defendants
2  argued that the court lacked personal jurisdiction over the
3  corporate employees because they did not individually have
4  sufficient minimum contacts with California.  Id.  The court found
5  that, because the president and owner knowingly made misleading
6  statements, he was a moving, active force behind the alleged
7  infringement and could be held personally liable; and that the
8  manager could be held personally liable because the plaintiffs'
9  evidence demonstrated that he was "capable of exercising sufficient
10 control to subject him to jurisdiction."  Silverlit, 2007 WL
11 2644889 at *9.

12     Alternatively, to justify disregarding the corporate veil
13 under the alter ego doctrine, the plaintiff must show a unity of
14 interest and ownership such that separate personalities of
15 corporation and individuals do not exist and that it would be
16 unjust to shield the defendants behind the corporate veil.  Flynt
17 Distributing Co., 734 F.2d at 1393.

18 I.  Defendant Blondheim

19     Defendant Blondheim is the founding president and owner of
20 Timberwork.  He argues that Silverlit is distinguishable because
21 there the president and owner admitted that he "knowingly"
22 contributed to the advertisement of an infringing product, but here
23 Timberwork does not advertise or market its products.  Defendant
24 Blondheim's argument is not persuasive, however, because he admits
25 that his job responsibilities include marketing.  Defendant
26 Blondheim's Interrogatory, Exhibit A, No. 3.

27     Furthermore, Defendant Blondheim seems to enjoy significant if

United States District Court
For the Northern District of California

not complete control over decisions made on behalf of Timberwork. In addition to marketing, his duties include sales, and purchasing. Defendant Blondheim's Interrogatory, Exhibit A, No. 3.  Defendant Blondheim has never had more than two employees working for him. He admits to having final approval on every decision pertaining to the operation of Timberwork and that, with the exception of invoicing, he was the only person from Timberwork who was involved in working with the Paul Defendants on their home in California. Further, he does not dispute that he personally sold materials to companies and individuals in California and built several residences in California including the one at issue in this action. Dec. of Charla Honea, filed November 1, 2008 ¶ 2.

The Court, therefore, finds that Plaintiff has submitted sufficient evidence to establish that Defendant Blondheim is a moving, active, conscious force behind the alleged infringing activity in California and is therefore subject to personal jurisdiction in this forum.

II.  Defendant Shuell

Plaintiff argues that Defendant Shuell's actions are intertwined with Defendant Blondheim's because she is Defendant Timberwork's sole employee. (Declaration of Charla Honea, filed November 1, 2008 ¶ 4).  However, as discussed above, Defendant Shuell's mere employment by a corporation that allegedly caused injury in California does not make her subject to personal jurisdiction in California.  Nor does Defendant Shuell's administration of Timberwork's website, invoicing Timberwork's clients or association with Defendant Blondheim subject her to

9

jurisdiction in California. While Plaintiff has shown that Defendant Blondheim has final approval for every decision involving Timberwork and is responsible for marketing, Plaintiff's evidence that Defendant Shuell authorized California residents to act as agents of Timberwork and sent California residents color samples for tile roofs is insufficient to demonstrate that Defendant Shuell is the moving, active, conscious force behind Timberwork's infringing activity in California.

Nor has Plaintiff made a prima facie showing that there is such unity of interest and ownership between Timberwork and Defendant Shuell that she is its alter ego or that a failure to disregard the corporate veil would result in fraud or injustice. The Court therefore declines to exercise personal jurisdiction over Defendant Shuell.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion (Docket No. 15 in Case No. 08-4078) to dismiss all claims against Defendant Shuell for lack of personal jurisdiction, DENIES the motion to dismiss the claims against Defendant Blondheim, and DENIES Defendants' administrative motion for leave to file a reply to Plaintiff's surreply.

IT IS SO ORDERED.

Dated: 4/16/09

_____
CLAUDIA WILKEN
United States District Judge

10