1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                                              No. C 08-04078 CW

8  MATSUNOKI GROUP, INC., dba HAIKU
   HOUSES,                                     ORDER GRANTING
                                               MATSUNOKI'S MOTION
9            Plaintiff,                         FOR RELIEF FROM
                                               JUDGMENT
10     v.

11 TIMBERWORK OREGON, INC.; TIMBERWORK,
   INC.; JOAN L. SHUELL; EARL MAURY
12 BLONDHEIM; DON PAUL; ILENE ENGLISH-
   PAUL and DOES 1 through 10,
13 inclusive,

14           Defendants.
   _____/
15

16     Matsunoki Group, Inc. moves for relief from judgment which was

17 entered on the Court's Order granting Defendants' motion for

18 summary judgment.  Matsunoki argues that it presents "newly

19 discovered evidence" concerning ownership of the copyrights at

20 issue.  Defendants oppose the motion.  Having considered all of the

21 papers filed by the parties the Court grants Matsunoki's motion.

22                              BACKGROUND

23     On April 16, 2010, the Court granted Defendants summary

24 judgment against Matsunoki on all of its claims, including the

25 copyright claim.  The parties disputed whether Matsunoki could

26 prove ownership of the copyrights for the following seven

27 publications: the 1989, 1994, 1996 and 1999 editions of Haiku

28 Houses Country Houses of 16th Century Japan; the 1996 and 2001

editions of the Haiku Houses Buyer's Guide; and the Haiku Houses Country Houses of 16th Century Japan website, first published in 1999.  Matsunoki presented evidence that its predecessor Landmark Architecture and Design owned the copyrights, but not that those copyrights were transferred to Matsunoki.  Landmark was administratively dissolved as a corporation on November 6, 2006. In its surreply in opposition to Defendants' motion, Matsunoki represented that its president, Charla Honea, planned to take future action to assign the copyrights to Matsunoki.  In a declaration signed on January 6, 2010, Honea stated that she would apply to the Tennessee Secretary of State for reinstatement of Landmark on January 7, 2010.  Matsunoki argued that, once the reinstatement became effective, Honea, as the president of Landmark, would officially assign the copyrights to Matsunoki.

The Court concluded:

> Applying for reinstatement is not the same thing as being reinstated.  Honea must satisfy the Tennessee Secretary of State that Landmark has met the requirements for reinstatement under Tennessee Code Annotated section 48-24-203(a), which include obtaining "a certificate from the commissioner of revenue reciting that the corporation has properly filed all reports and paid all taxes and penalties required by the revenue laws of this state."  Honea has made no showing that she has met these reinstatement requirements.  Because Matsunoki presents no evidence that it currently owns the copyrights at issue, and it is not clear when and if it will obtain those copyrights by assignment, the Court concludes that Matsunoki cannot bring any claims for copyright infringement.  Therefore, Matsunoki's copyright claims fail.

Order at 12.

Matsunoki now presents the following subsequent developments: (1) on January 7, 2010, the Tennessee Secretary of State reinstated Landmark as a corporation in good standing, Honea Decl. ¶ 2, Ex. A;

United States District Court
For the Northern District of California

2

(2) on February 26, 2010, Landmark assigned in writing all of its intellectual property to Matsunoki.  Matsunoki did not present any of this evidence to the Court before its April 16, 2010 Order on Defendants' motion for summary judgment.

DISCUSSION

I.   Motion for Relief From Judgment

Federal Rule of Civil Procedure 60(b) provides that, "upon such terms as are just," a court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b). "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'"  Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987).

As noted above, evidence of Landmark's reinstatement and the assignment of its assets to Matsunoki was not provided to the Court

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

before the April 16, 2010 Order on Defendants' motion for summary judgment. Matsunoki claims that it did not have the opportunity to present this evidence to the Court after "the briefing had closed." Motion at 6. Civil Local Rule 7-3(d) provides that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." This rule did not stop Matsunoki from filing a motion for leave to file a surreply on January 6, 2010, or Defendants from filing a motion for leave to file a reply to the surreply on January 12, 2010. With leave of court, Matsunoki certainly could have filed documentation to support further its claim of ownership of the copyrights in question. Nevertheless, Matsunoki's failure to seek leave of court to file these documents does not preclude granting relief under Rule 60(b). At the time that Matsunoki filed its opposition and surreply, the evidence that it seeks presently to put before the Court did not exist. Once Matsunoki understood that there was an issue concerning ownership of the copyrights, it took steps to establish ownership. Evidence of those corrective steps constitute new evidence under Rule 60(b)(2).

The Court next considers is whether the new evidence was of such magnitude that it would have changed the outcome of the case. Defendants claim that, even if Matsunoki can prove ownership of the copyrights at issue, they made other arguments that would support summary judgment on the copyright claim. Defendants had argued that Matsunoki's copyright registration was not valid.

Copyright "registration made before or within five years after first publication of the work shall constitute prima facie evidence

4

of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). The district court has discretion regarding the weight to accord registrations made more than five years after the first publication. Id.

Of the seven copyright registrations that Matsunoki claims to own, only three were made within five years after the first publication of the work -- the 1999 Catalog, the 2001 Builder's Guide, and the Haiku Houses Country Houses of 16th Century Japan website. Therefore, the remaining four are not presumptively valid.

Defendants allege that these three more recent publications are merely duplications of the earlier works and, therefore, copyright registrations of them are not presumptively valid either. After carefully reviewing these publications, the Court agrees. The 1999 Catalog, the 2001 Builder's Guide and the website are virtually identical to the 1996 Catalog. Therefore, none of Matsunoki's copyright registrations are presumptively valid.

Defendants next argue that Matsunoki's copyrights are not valid because Matsunoki did not accurately identify the author of the works. Under federal law, copyright initially vests in a work's author. 17 U.S.C. § 201(a). The copyright registration forms for the 1989, 1994 and 1996 Catalogs and the 1996 and 2001 Builder's Guides state that Haiku Houses Limited is the author, and the forms for the 1999 Catalog and website state that Landmark is the author. Defendants argue that, because Charla Honea, the president of Matsunoki, could not name the author of the works during her deposition, the registration forms contain false

authorship information.  However, the evidence does not indicate that Honea ever knew or had any way of knowing the author of the works.  Thus, her inability to recall authorship at the deposition does not mean that the registration forms are inaccurate.

Defendants also assert that the seven registered copyrights are invalid because they were obtained by fraud.  An infringement action is barred if a "claimant intended to defraud the Copyright Office by making [a] misstatement."  Urantia Found. v. Maaherra, 114 F.3d 955, 963 (9th Cir. 1997).  However, "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions."  Id.  Defendants assert that Matsunoki purposely misrepresented the authorship of the copyrights and the manner in which it obtained these copyrights.  Even if Defendants are correct that Matsunoki placed incorrect information on the registration forms, they have not proved that Matsunoki fraudulently misled the Copyright Office.

In sum, Defendants have not established alternative grounds to grant summary judgment on Matsunoki's copyright claim.  Therefore, the new evidence regarding ownership of the copyrights would change the outcome of the summary judgment motion.  Accordingly, the Court vacates the judgment in this case and allows Matsunoki to pursue its copyright claim against Defendants.

CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to set aside the judgment.  Docket No. 137.  The Court reopens the case to allow Matsunoki to pursue its copyright claim against Defendants.  Because the judgment has been vacated, the Court

**United States District Court**
For the Northern District of California

denies without prejudice Defendants' motion for attorneys' fees.
Docket No. 122.  The parties shall attend a further case management
conference on September 21, 2010 at 2:00 p.m.


IT IS SO ORDERED.


Dated: 09/03/10

_____
CLAUDIA WILKEN
United States District Judge