IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUNOKI GROUP, INC., doing business as HAIKU HOUSES,<br><br>        Plaintiff,<br><br>  v.<br><br>TIMBERWORK OREGON, INC.; TIMBERWORK, INC.; JOAN L. SHUELL; EARL MAURY BLONDHEIM; DON PAUL; ILENE ENGLISH-PAUL; and DOES 1 through 10, inclusive,<br><br>        Defendants.<br>_____/ | No. C 08-04078 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (Docket No. 177); DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL (Docket No. 183); AND PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY (Docket No. 227) |

    This order addresses three pending motions in the above captioned case.  Plaintiff Matsunoki Group, Inc. seeks leave from the Court to file a motion for reconsideration.  Docket No. 177. Defendants Timberwork, Inc.[1] and Earl Blondheim (collectively Timberwork) seek certification for an interlocutory appeal of the Court's order granting Matsunoki's motion for relief from judgment. Docket No. 183.  Matsunoki has also moved to exclude certain expert testimony.  Docket No. 227.  Having considered all of the papers submitted by the parties, the Court DENIES all three motions.

BACKGROUND

    This is a copyright and trademark infringement case about custom-built Japanese pole-style houses.  Matsunoki brings claims

---

    [1] Plaintiff erroneously sued Timberwork Oregon, Inc.

against Timberwork, Don Paul and Ilene English-Paul for copyright, trademark and trade dress infringement, false designation of origin and unfair competition.[2]

On April 16, 2010, the Court granted Timberwork's motion for summary judgment against Matsunoki on all of its claims, including Matsunoki's copyright claims.[3] The parties disputed whether Matsunoki could prove ownership of the copyrights for seven publications at the center of the dispute. Matsunoki presented evidence that its predecessor Landmark Architecture and Design owned the copyrights, but failed to present evidence that those copyrights had been transferred to Matsunoki. Landmark was administratively dissolved as a corporation on November 6, 2006. The Court stated, "Because Matsunoki presents no evidence that it currently owns the copyrights at issue, and it is not clear when and if it will obtain those copyrights by assignment, the Court concludes that Matsunoki cannot bring any claims for copyright infringement. Therefore, Matsunoki's copyright claims fail." Order Granting Mot. Summ. J. at 12.

Subsequently, Matsunoki moved the Court for relief from judgment under Federal Rule of Civil Procedure 60(b), presenting evidence of the following two developments: (1) on January 7, 2010, the Tennessee Secretary of State reinstated Landmark as a

---

[2] The Court previously dismissed claims against Joan Schuell for lack of personal jurisdiction. Docket No. 59. Defendants Don Paul and Ilene English-Paul are unrepresented by counsel and have not joined Timberwork's motion for certification.

[3] In this order the Court also summarily adjudicated the claims against Don Paul and Ilene English-Paul in their favor.

2

1  corporation in good standing, and (2) on February 26, 2010,
2  Landmark assigned in writing all of its intellectual property to
3  Matsunoki.  On September 3, 2010, the Court granted Matsunoki's
4  motion for relief from judgment on the basis of the two new
5  developments.

I. Timberwork's Motion for Certification under 28 U.S.C. § 1292(b)

Timberwork requests that the Court certify for interlocutory appeal its order relieving Matsunoki from judgment.  Timberwork identifies two questions of law that it seeks to appeal:

> (1) Whether the reinstatement of Landmark and assignment of the assets to Matsunoki constitutes "newly discovered evidence" within the meaning of Rule 60(b)(2); and
>
> (2) Whether Matsunoki exercised due diligence to discover this evidence.

Pl.'s Mot. at 4.

A. Legal Standard

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order only if three factors are present.  First, the issue to be certified must involve a "controlling question of law."  28 U.S.C. § 1292(b).  Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).  The Seventh Circuit has explained:

> We think [Congress] used "question of law" in much the

3

>    same way a lay person might, as referring to a "pure"
>    question of law rather than merely to an issue that
>    might be free from a factual contest. The idea was that
>    if a case turned on a pure question of law, something
>    the court of appeals could decide quickly and cleanly
>    without having to study the record, the court should be
>    enabled to do so without having to wait until the end of
>    the case.

Ahrenholz v. Bd. Trustees of Univ. of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992), abrogated on other grounds by Brockmeyer v. May, 361 F.3d 1222, 1226-27 (9th Cir. 2004).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800. Whether an appeal will materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case. Id. In light of the legislative policy underlying § 1292, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026; Mateo, 805 F. Supp. at 800. If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear a

4

certified appeal in part because the Ninth Circuit's decision might come after the scheduled trial date).

All three requirements under 28 U.S.C. § 1292(b) must be met for certification to issue. Best Western Int'l, Inc. v. Govan, 2007 U.S. Dist. LEXIS 39172, *9 (D. Ariz.). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) rev'd in part on other grounds, 106 F.3d 1125 (2nd Cir. 1997).

B. Discussion

Timberwork has identified controlling issues for appeal; if the Court's order relieving Matsunoki from judgment were reversed, the judgment would be reinstated and the case closed.

However, Timberwork has failed to identify a substantial ground for difference opinion as to the controlling question of law. Timberwork extensively cites facts, and asserts that a substantial difference of opinion exists as to whether Matsunoki's assignment constitutes "newly discovered evidence," and whether

5

Matsunoki acted with "due diligence." However, disagreement with the way the Court applied settled law to the particular facts in this case does not satisfy the requirements under 28 U.S.C. § 1292(b), even if the moving party's disagreement with the court's order is "vehement." Best Western Int'l, 2007 U.S. Dist. LEXIS at *27.

Timberwork has not identified any lack of precedent within the Ninth Circuit, or conflicting decisions in other circuits, in support of its motion for certification. APCC Services, Inc. v. AT&T Corp., 297 F. Supp. 2d 101, 107 (D.D.C. 2003) ("A substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits."). Timberwork cites one Ninth Circuit decision on the question of what constitutes "newly discovered evidence." In Feature Realty Inc. v. City of Spokane, the Ninth Circuit denied the plaintiff's Rule 60(b) motion, rejecting the argument that the evidence was "newly discovered" when plaintiff learned of it eight days before judgment was rendered. 331 F.3d 1082, 1093 (9th Cir. 2003). Riverbend Ranch Golf Course v. County of Madera, 2005 U.S. Dist. LEXIS 29497 (E.D. Cal.), is a lower court decision that does not give rise to a circuit split. Furthermore, Riverbend Ranch is consistent with Feature Realty, because it also holds, "Evidence is not newly discovered under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." Id. at *5. Although Timberwork bears the burden of persuading the Court to certify an interlocutory appeal, it

identifies no lack of authority and presents no substantial disagreement among courts as to what constitutes due diligence.

Timberwork's motion also falters because it will likely delay the resolution of this case. Trial in this matter is currently scheduled for July, 2011. The issues that Timberwork seeks to appeal are not weighty matters that are likely to be expedited on appeal. Fact discovery on this case closed on December 20, 2010, and expert discovery will end on February 19, 2011. All case dispositive motions are to be heard on or before April 8, 2010. Consequently, Timberwork has not established that an immediate appeal may materially advance the ultimate termination of the case.

Because a district court's certification is reserved for exceptional circumstances, and Timberwork has failed to satisfy all requirements under 28 U.S.C. § 1292(b), the Court denies the motion for certification.

II. Matsunoki's Motion for Leave to Move for Reconsideration

A. Legal Standard

This Court's Local Rule 7-9(b)(3) permits the reconsideration of an interlocutory order if there was a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such order was issued. A party moving for leave to file a motion for reconsideration, however, may not repeat any argument made earlier in support of or opposition to the interlocutory order. L.R. 7-9(c)

B. Discussion

Matsunoki's request for reconsideration reiterates arguments made in response to Timberwork's motion for summary judgment,

7

already rejected by the Court, and attempts to raise new arguments. Matsunoki attacks the Court's ruling that it unduly delayed in filing suit, by arguing that the cease and desist letter was narrowly written.  The Court, however, has already ruled on the letter's broad wording.  Order, 13-14.  Matsunoki further asserts that the laches defense does not apply to the Pauls, and that Steen's death did not prejudice Defendants, and points to a legal test for the applicability of the laches defense, which no party briefed, and the Court did not apply in its summary judgment order. E-Systems, Inc. v. Monitek, 720 F.2d 604, 607 (9th Cir. 1983). Although Matsunoki did not raise these arguments in prior briefing, they do not present newly established evidence or law.  Because Civil Local Rule 7-9 is not intended to allow parties to repeat prior argument or present new arguments that could have been raised earlier, the Court need not entertain Matsunoki's request to reconsider.

    Even if the Court were to consider Matsunoki's new arguments, the outcome on summary judgement would remain the same.  Matsunoki raises, for the first time, a six factor test used to determine whether laches will bar relief from trademark infringement. Notably, Matsunoki's motion for reconsideration neglects to apply the standard to the particular facts of this case.  The Court's application, however, demonstrates that the test does not change its finding that laches provides a valid defense for Timberwork.

    The six E-Systems factors are: "1) the strength and value of trademark rights asserted; 2) plaintiff's diligence in enforcing the mark; 3) harm to senior user if relief denied; 4) good faith

8

ignorance by junior users; 5) competition between senior and junior users; and 6) extent of harm suffered by junior user because of senior user's delay."  720 F.2d at 607; see also Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n, 465 F.3d 1102, 1008 (9th Cir. 2006)(applying two of the six E-Systems factors, the plaintiff's diligence in enforcement and the defendant's good faith use).

These factors weigh in Timberwork's favor.  The Haiku Houses marks have value and have provided for a measure of Timberwork's business success.  Matsunoki has been less than diligent in enforcing its rights.  Considering its knowledge about Timberwork and Timberwork's direct assertion in 2001 that it owned the marks, Matsunoki could have acted sooner than 2008, when it finally filed suit.  Nearly a decade after the cease and desist letter from Matsunoki, and after seven years of silence from Matsunoki, Timberwork risks losing the marks and its business.  Matsunoki was not ignorant of Timberwork's ongoing existence or activities during this time.  The companies formerly worked together.  Competition exists, although Matsunoki is based in Tennesee, and Timberwork is based in California.  In light of Matsunoki's silence, Timberwork proceeded with its business, taking on more clients and involving the Pauls to increase its marketing and sales activities.  Overall, these facts make clear that Matsunoki was less than diligent in enforcing its rights, and Timberwork acted in good faith.

Matsunoki asserts another new argument, distinguishing between Defendants Timberwork and the Pauls.  Nevertheless, Matsunoki's claims against the Pauls are barred by laches, just as the defense

9

applies to Timberwork. "This defense embodies the principle that a plaintiff cannot sit on the knowledge that another company is using its trademark, and then later come forward and seek to enforce its rights." Internet Specialties West, Inc. v. Milon-Didiorgio Enterprises, Inc., 559 F.3d 985, 980-90 (9th Cir. 2009). The test of laches is two-fold: "first, was the plaintiff's delay in bringing suit unreasonable? Second, was the defendant prejudiced by the delay?" Id. at 990.

If a plaintiff filed suit within the limitations period for the analogous action at law, there is a presumption that laches in inapplicable. Jarrows Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835. The parties agree that the four-year limitations period from California trademark infringement law is the most analogous. Matsunoki points out that the Pauls did not become involved in the business until 2004, at the earliest. As a result, Matsunoki argues that the lawsuit against the Pauls is within the four-year statute of limitations period, and no presumption in favor of laches applies. Nevertheless, the Pauls are protected under a theory of agency. The Pauls acted on behalf of Timberwork, marketing its products and services with Timberwork's authorization. The Pauls did not act independently of Timberwork. The Pauls acquired and used the marks through Timberworks, and should be treated as identically situated.

Even if no presumption of laches applies, the equitable principles are not entirely barred from consideration in the claims against the Pauls. "The limitations period for laches starts when the plaintiff 'knew or should have known about its potential cause

10

of action.'" Tillamook Country Smoker, 465 F.3d at 1108. As of 2001, Matsunoki was aware of Timberwork's use of the marks. Matsunoki sent a cease and desist letter that same year. Timberwork responded to the letter, insisting that Timberwork had ownership of the trademarks. Timberwork carried on with its business. Matsunoki knew that it had potential causes of action with respect to Timberwork, and should have known that Timberwork might involve other parties to conduct their business. Timberwork's insistence that it was the mark owner, and its continued use of the marks, increased the likelihood that it would involve third parties, like the Pauls, and thus increased the risk that the marks were being used widely without authorization. Matsunoki either knew or should have known about the Pauls' role, and therefore the limitations period for laches includes them.

The two-prong test for laches, weighing the reasonablness of Matsunoki's delay and the prejudice suffered by the Pauls, also supports an outcome in the Pauls' favor. Matsunoki's delay was unreasonable, because it was well aware that Timberwork continued to conduct its business using the marks, and Timberwork might involve third parties in that course of conduct. The Pauls were acting in good faith, not knowing about the dispute that had arisen in 2001. Likewise, Matsunoki's delay prejudiced the Pauls. Steen's death deprived the Pauls of testimony that could have clarified the intellectual property's authorship and transfer. Greater clarity about these facts would have aided the fair resolution of these claims.

11

III. Matsunoki's Motion to Exclude Expert Testimony

On February 15, 2011, Matsunoki moved to exclude the expert testimony of Jerry P. Loving. Docket No. 227. The Court denies Matsunoki's motion without prejudice because it does not comply with the Court's case management order. Docket No. 41. Motions in limine may be made only in accordance with the Court's order for pre-trial preparation, and heard at the final pre-trial conference, absent the Court's permission, for good cause shown. All other motions, except discovery motions, must be included in a single round of briefing and noticed to be heard on April 8, 2011.

CONCLUSION

The Court DENIES Timberwork's motion for certification of an interlocutory appeal, and Matsunoki's motion for leave to file a motion for reconsideration. The Court also DENIES, without prejudice, Matsunoki's motion to exclude the expert testimony of Jerry P. Loving.

IT IS SO ORDERED.

Dated: 2/18/2011

CLAUDIA WILKEN
United States District Judge